■ In the Matter of WAYNE I., Alleged to be a Person in Need of Supervision, Appellant. KELLY MILLER, a Probation Officer for the Clinton County Probation Department, Respondent. [807 NYS2d 190]—

Rose, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered March 29, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to revoke a prior order of probation, and placed respondent in the custody of the Commissioner of Social Services of Clinton County.

Upon a petition filed by school authorities in October 2004 for excessive absences, respondent (born in 1988) was adjudicated a person in need of supervision (hereinafter PINS) and

placed on probation. In January 2005, petitioner commenced this proceeding alleging that respondent had violated the terms of his probation by, among other things, accumulating unexcused absences from school, engaging in inappropriate conduct at school and admittedly using marihuana. At the fact-finding hearing, respondent admitted to all but one of these allegations and Family Court found that he had violated the prior order. Nonetheless, at the dispositional hearing, petitioner supported respondent's request to resume probation and live with his adult sister. While Family Court expressed concern about the level of support that respondent received from his parents, it found his sister, with whom he had only recently begun to reside, to be a "reasonable person who is trying to help." Believing, however, that respondent required more supervision than his sister and her husband could provide, the court placed him instead in the custody of the Commissioner of Social Services of Clinton County for a period of one year.*

Respondent now appeals the dispositional order, arguing that there is no evidence in the record supporting Family Court's apparent assumption that his problems in school were caused by the level of supervision that he was receiving at his sister's home. It is significant that petitioner continues to support respondent's position on appeal. Our own review confirms the lack of record support for the placement imposed here (*see Matter of Joshua K.*, 299 AD2d 968, 968 [2002]). Family Court found that the working schedules of respondent's sister and her husband precluded their supervision of him before and after school, but the record indicates that his sister is home in the mornings before school and all day on Wednesday and Thursday, and her husband is available after 4:30 P.M. each day. In addition, there was no testimony by either an expert or a lay witness that attributed respondent's absences and misbehavior in school to a lack of supervision while at his sister's home. Moreover, while Family Court was troubled by respondent's inconsistent attendance and disciplinary matters over the longer term, the evidence of his recent compliance with drug treatment and improvements at school supported petitioner's recommendation to resume probation. Finally, we note that the court attached significance to testimony of a proposal made to the special education committee to consider removal of respondent from his school on March 24, 2005, but there is no record evidence that his educational placement was changed. Under these cir-

---

* Following the issuance of Family Court's order, the Clinton County Department of Social Services certified respondent's sister as a foster parent so that he could continue living with her.

cumstances, we cannot find support in the record for Family Court's disposition.

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.